IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA BENTON LEE,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a/k/a<br>BAC HOME LOANS SERVICING,<br>LP, f/k/a COUNTRYWIDE HOME LOANS<br>SERVICING, L.P.,<br><br>  Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Bank of America, N.A. ("BANA")[1], by and through counsel, hereby removes this action from the Superior Court of Thomas County, Georgia to the United States District Court for the Middle District of Georgia, Valdosta Division.

In support of this Notice, BANA states as follows:

**I.    Background**

1.    Plaintiff originally filed this case in the Superior Court of Thomas County, Georgia on December 18, 2012. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as Exhibit A.

2.    Plaintiff asserts claims arising out of an allegedly fraudulent appraisal of real

---

[1] Plaintiff names "Bank of America, N.A., a/k/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P." ("BACHLS") as the defendant. Bank of America, N.A. ("BANA") was never known as BACHLS; however, on July 1, 2011, BACHLS merged with and into BANA. Therefore, BANA responds for itself as successor by merger to BACHLS.

property located at 105 Albert Lane, Ochlocknee, Georgia (the "Property") in 2007.  (Compl. ¶ 2, Ex. 1.)  Plaintiff asserts causes of action for Actual, Consequential and Potential Damages; Satisfaction of the Security Deed; Cancellation of Instruments; Credit Repair; Sanctions; and Attorney's Fees.  (See generally Compl.)

## II.     This Notice of Removal is Timely Filed in the Proper Venue

3.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

4.     The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after December 19, 2012, which is the date that BANA was served with Plaintiff's Complaint.

5.     The United States District Court for the Middle District of Georgia – Valdosta Division – is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

## III.    This Court Has Original Jurisdiction

6.     Federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331, because the resolution of Plaintiff's claims will require adjudication of disputed questions of federal law.  Federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, federal question jurisdiction exists over this action pursuant to 28 U.S.C. § 1331.

7.     Plaintiff alleges a violation of the Racketeer Influenced Corrupt Organization ("RICO") Act.  (Compl. ¶¶ 19–22 and 24, 25.)  The RICO Act is a federal statue.  (Id.; see also, 18 U.S.C. § 1961 *et seq.*)

8. Furthermore, Plaintiff cites to "[t]he federal mail and wire fraud statutes" throughout her Complaint. (Compl. ¶¶ 25–27; see also 18 U.S.C. § 1343.)

9. Plaintiff also alleges violations of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") of 1989. (Compl. ¶¶ 44, 45; see also 12 U.S.C. § 3331 *et seq.*)

10. In addition, Plaintiff herself cites to the United States Constitution's Article III, Section 2, offering an explanation of the requirements of "standing and jurisdiction to bring a suit **in federal court**." (Compl. ¶ 62, emphasis added.) Nonetheless, and rather inexplicably, Plaintiff filed her Complaint in the Superior Court of Thomas County, Georgia.

11. However, because several of Plaintiff's claims arise under federal laws, federal question jurisdiction exists in this Court. See Christman v. Jackson Hewitt, Inc., 379 Fed. App'x 956, 958 (11th Cir. 2010) (finding that federal question jurisdiction exists if "plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law.")

12. This Court has supplemental jurisdiction over any statutory, state common law, or other nonfederal claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's purported RICO claim, any alleged federal wiretapping and/or a supposed FIRREA violation. These allegations "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. As a result of Plaintiff's allegations, this is a civil action arising under the constitution and laws of the United States. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1331.

14. Accordingly, as the state court lawsuit is pending in the Superior Court of Thomas County, Georgia, BANA is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Middle District of Georgia, Valdosta Division.

### IV. Notice of Removal to the Superior Court of Thomas County, Georgia

15. In accordance with 28 U.S.C. § 1446(d), BANA will promptly file a Notice of Removal to Federal Court, with the Clerk of the Superior Court of Thomas County, Georgia.

WHEREFORE, BANA files this Notice of Removal and removes the civil action to the United States District Court for the Middle District of Georgia, Valdosta Division.

Respectfully submitted, this 18th day of January 2013.

By: /s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5713 (Telephone)
(404) 443-5687 (Facsimile)
jmendel@mcguirewoods.com

*Counsel for BANA*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA BENTON LEE,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a/k/a<br>BAC HOME LOANS SERVICING,<br>LP, f/k/a COUNTRYWIDE HOME LOANS<br>SERVICING, L.P.,<br><br>    Defendant. | CIVIL ACTION NO. |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF System which will electronically deliver a copy to the parties of record. I also served a true and correct copy of same on Plaintiff, via First-Class Mail, postage prepaid, addressed to:

Patricia Benton Lee
105 Albert Lane
Ochlocknee, Georgia  31773-1881

/s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188