IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **PATRICIA BENTON LEE,** <br><br> Plaintiff, <br><br> v. <br><br> **BANK OF AMERICA, N.A. a/k/a BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P.**, <br><br> Defendants. | Civil Action No. 7:13-CV-8 (HL) |

## ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8).

While proceeding *pro se*, Plaintiff filed a complaint in the Superior Court of Thomas County that is 64 pages long, consisting of 179 paragraphs. Also attached are 265 pages of exhibits. Defendant Bank of America removed the case to this Court on January 18, 2013, and has moved to dismiss the complaint for insufficient service of process and failure to state a claim.

The Court must first address Defendant's Rule 12(b)(5) motion to dismiss for insufficient service of process, as without service, the Court lacks jurisdiction over the defendant. A summons and the complaint were served by a Thomas County Deputy on December 19, 2012 on Elizabeth Riddle, a vice president at a

Bank of America branch office in Thomasville. Defendant contends that this service does not comport with the requirements of Rule 4.

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998). "After removal the sufficiency of service of process is determined according to federal law." Id. at 696 (citing 28 U.S.C. § 1448). Rule 4(h)(1), which governs service on a corporation provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant.

Fed.R.Civ.P. 4(h)(1).

Under Rule 4(h), service upon a corporation may be effected in accordance with state law. See Fed.R.Civ.P. 4(e)(1). In Georgia, service upon corporations is governed by O.C.G.A. § 9-11-4(e)(1), which requires personal service on "the president or other officer of the corporation, secretary, cashier,

managing agent, or other agent thereof. . . ." O.C.G.A. § 9-11-4(e)(1). The standard for who qualifies as an "agent" under the statute is not high. Henderson v. Cherry, Bekaert & Holland, 932 F.2d 1410, 1412 (11th Cir. 1991). As the Supreme Court of Georgia has recognized, "the object of service of process is to transmit notice of suit to the corporation." Scott v. Atlanta Dairies Coop., 239 Ga. 721, 724, 238 S.E.2d 340, 343 (1977). Therefore, service "must be made on an agent whose position is such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him." Id. The agent does not need to have a high degree of authority, be able to sign contracts on behalf of the corporation, or be authorized by the corporation to accept service. Henderson, 932 F.2d at 1412. Georgia courts have found service was proper when made on a manager of a branch store. Ogles v. Globe Oil Co. U.S.A., 171 Ga. App. 785, 320 S.E.2d 848 (1984). Interpreting Georgia law, the Eleventh Circuit has also found that service on a firm's manager is proper even when the defendant provided no information regarding the manager's authority and responsibility within the firm. Henderson, 932 F.2d at 1412. In addition, "Georgia courts also consider the fact of actual notice in answering the question whether an employee is a valid agent for receipt of service." Id.

As noted above, a summons and the complaint were served on Elizabeth Riddle, a vice president at a branch office of the bank in Thomasville. As a vice president, Riddle can reasonably be expected to provide notice to the corporation of the process that was served upon her. In addition, it is undisputed that Defendant learned of the lawsuit and was able to respond in a timely manner. The Court therefore finds that the process and service of process was proper in this case.

While Defendant has been properly served, that does not end the inquiry. The Court agrees with Defendant that the complaint as it stands now is an impermissible shotgun pleading. The gravamen of Plaintiff's claims cannot be discerned from the complaint which she obviously did not write. From its face, the complaint appears to have been acquired through a commercial transaction, and it is filled with irrelevancies, redundancies, and so forth. The Court acknowledges that Plaintiff may have a viable claim, but the Court cannot tell what her claim is based on what has been filed. Plaintiff is ordered to file an amended complaint that complies with Rule 8 no later than June 3, 2013. This means Plaintiff must file a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must plead factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct.

1937 (2009) (citation omitted). Plaintiff is directed to serve the amended complaint on Defendant as provided by the Federal Rules of Civil Procedure.

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8) is denied, but Defendant will have the right to re-file a motion to dismiss if appropriate once it is served with the amended complaint.

Failure to timely file the amended complaint will result in this case being dismissed without further order of the Court.

**SO ORDERED**, this the 15th day of May, 2013.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

mbh